**Ron STROLBERG; et al., Plaintiffs—Appellants,**

**v.**

**UNITED STATES MARSHALS SERVICE, an agency of the United States of America; et al., Defendants—Appellees.**

No. 08–35622.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2009.

Filed Oct. 14, 2009.

Christopher F. Huntley, Esquire, Robert Carson Huntley, Esquire, Boise, ID, for Plaintiffs–Appellants.

Marleigh Dover, Esquire, Assistant Director, Eric Fleisig–Greene, John R. Griffiths, Esquire, Ronald J. Wiltsie, II, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: PREGERSON, NOONAN and M. SMITH, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants Ron Strolberg, Charles Hawkins, and others (Appellants) appeal the district court's grant of summary judgment in favor of the United States Marshals Service (USMS) and other federal agencies and officials in the one remaining claim in Appellants' action, which alleges that their medical disqualifications from Court Security Officer (CSO) positions violated the Due Process Clause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not supply them here except as necessary to explain our decision.

* This disposition is not appropriate for publication and is not precedent except as provided

There is a constitutionally protected property interest in continued employment when an employee may only by discharged for cause, but when an "employee serves at will, he or she has no reasonable expectation of continued employment, and thus no property right." *Dyack v. N. Mariana Islands,* 317 F.3d 1030, 1033 (9th Cir.2003). In this case, the collective bargaining agreement governing Appellants' employment states that "no Employee shall be dismissed or suspended without just cause, *unless the company is directed by the U.S. government to remove the Employee from working under the Employer's contract with the U.S. government, or if the Employee's credentials are denied or terminated by the U.S.M.S* ...." (emphasis added). This provision creates a hybrid employment contract, with both at-will and for-cause portions. *See Fed. Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 476 (9th Cir.1991).

Appellants in this case were terminated after they were medically disqualified. Therefore, the at-will provision of the contract governs their termination because "the Employee's credentials [were] denied or terminated by the U.S.M.S." Since their termination was governed by the at-will provision, Appellants had no constitutionally protected property interest, and we affirm the district court.

**AFFIRMED.**

PREGERSON, J., dissenting:

I dissent. The protection of the federal judiciary is the responsibility of the United States Marshals Service ("USMS"). *See* 28 U.S.C. § 566(e)(1)(A) ("The United States Marshals Service is authorized to— (A) provide for the personal protection of

by 9th Cir. R. 36–3.

Federal jurists, court officers, witnesses, and other threatened persons in the interests of justice where criminal intimidation impedes on the functioning of the judicial process or any other official proceeding. . . .”). The USMS is authorized to outsource its duty to protect the federal judiciary to private contractors. Private contractors, such as Akal Security, generally hire former military and law enforcement officers to serve as Court Security Officers (“CSO”). The USMS is authorized to deputize CSOs to provide courtroom security for the federal judiciary. *See* 28 C.F.R. § 0.112(c) (“The Director, United States Marshal Service, is authorized to deputize . . . [s]elected employees of private security companies [to provide] courtroom security for the Federal judiciary. . . .”).

Appellants are CSOs who, without an evidentiary hearing, have been medically disqualified for further service by the USMS. The USMS is the constructive employer of the CSOs because the USMS exercises ultimate control over the terms and conditions of their employment. Accordingly, CSOs should receive the same benefits as Deputy U.S. Marshals who are employed directly by USMS.

Deputy U.S. Marshals in the competitive service are entitled to specific procedural protections when facing removal or other adverse employment actions. *See* 5 U.S.C. § 7513. These protections include: (1) written notice; (2) the opportunity to answer orally and in writing; (3) the right to be represented by an attorney; (4) the right to a written decision with specific reasons; and (5) the right to appeal to the Merit Systems Protection Board. 5 U.S.C. § 7513.

The Merit Systems Protection Board provides a full evidentiary hearing for federal employees, like Deputy U.S. Marshals, who are subject to adverse employment actions. *See* 5 U.S.C. § 1204(b) (giving authority to any Board member or designee to administer oaths, examine witnesses, take depositions, receive evidence, and issue subpoenas); 5 C.F.R. §§ 1201.51–1201.58 (providing detailed regulations regarding Board hearings, including preparing the record, making motions, and determining the burden and degree of proof).

In short, when it comes to protecting the federal judiciary, CSOs are the functional equivalent of Deputy U.S. Marshals and are joint employees of USMS and Akal. Therefore, they should be afforded the same procedural protections as Deputy U.S. Marshals when faced with an adverse employment action, including a full evidentiary hearing before the Merit Systems Protection Board. To hold otherwise would be fundamentally unfair. Accordingly, I dissent.